McGREGOR W. SCOTT
United States Attorney
ROGER YANG
MATTHEW M. YELOVICH
KEVIN C. KHASIGIAN
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

FILED
JUL 1 2 2018
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> TIAN HE TAN and <br> JENNY CHU, <br><br> Defendants. | CASE NO. 2:18-CR-0134 MCE <br><br> 21 U.S.C. § 846, 841(a)(1) – Conspiracy to Manufacture Marijuana; 21 U.S.C. § 841(a)(1) – Manufacture of Marijuana; 18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering; 18 U.S.C. § 1956(a)(2)(A) – Money Laundering (6 Counts); 21 U.S.C. § 853(a) and 18 U.S.C. § 982(a)(1) – Criminal Forfeiture |

## INDICTMENT

COUNT ONE: [21 U.S.C. §§ 846, 841(a)(1) – Conspiracy to Manufacture Marijuana]

The Grand Jury charges: T H A T

TIAN HE TAN, and
JENNY CHU,

defendants herein, between in or about March 2016, and continuing through in or about April 2018, in the County of Sacramento, State and Eastern District of California, did knowingly and intentionally conspire and agree with each other and persons known and unknown to the Grand Jury to manufacture at least 100 marijuana plants, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

INDICTMENT

1

COUNT TWO: [21 U.S.C. § 841(a)(1) – Manufacture of Marijuana]

The Grand Jury further charges: T H A T

TIAN HE TAN, and
JENNY CHU,

defendants herein, between in or about June 2016, and continuing through in or about April 2018, at 13701 Indio Drive, in Sloughhouse, in the County of Sacramento, State and Eastern District of California, and elsewhere, did knowingly and intentionally conspire and agree with each other and with persons known and unknown to the Grand Jury to manufacture at least 100 marijuana plants, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT THREE: [18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering]

The Grand Jury further charges:

TIAN HE TAN, and
JENNY CHU,

defendants herein, as follows:

### THE CONSPIRACY

1.   From in or about November 2016 through at least on or about September 22, 2017, in the County of Sacramento, State and Eastern District of California, and elsewhere, did knowingly combine, conspire, and agree with each other and persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit: to transport, transmit, and transfer and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to or through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, that is, manufacture of marijuana in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and (h).

### MANNER AND MEANS

In order to accomplish the conspiracy to launder money, TIAN HE TAN and JENNY CHU, sent funds from California and the United States to places outside the United States with the intent to promote the carrying on of manufacture of marijuana by sending funds to pay for ballasts, grow lights, and other equipment necessary to manufacture marijuana.

INDICTMENT                                    2

2. On or about November 7, 2016, defendants TIAN HE TAN and JENNY CHU opened account number XXX0469 for Asgard Concept, Inc. with Bank of America in Elk Grove, California. Asgard Concept, Inc. was in the business of designing and importing grow lights.

3. On or about November 16, 2016, Asgard Concept, Inc. wire transferred $11,224 from account number XXX0469 in California to an account for Lamp and Ballast Group. Co., a manufacturer of light ballasts, at the Bank of Cyprus in Cyprus.

4. On or about January 10, 2017, Asgard Concept, Inc. wire transferred $20,000 from account number XXX0469 in California to an account for Megaphoton, Inc., a manufacturer of marijuana grow lights, at China Construction Bank.

5. On or about February 13, 2017, Asgard Concept, Inc. wire transferred $18,480 from account number XXX0469 in California to an account for Megaphoton, Inc. at China Construction Bank.

6. On or about July 3, 2017, Asgard Concept, Inc. wire transferred $70,000 from account number XXX0469 in California to an account for Megaphoton, Inc. at China Construction Bank.

7. On or about August 30, 2017, JENNY CHU wire transferred $40,000 from Bank of America account number XXX2317 in California to an account for Megaphoton, Inc. at China Construction Bank in the name of Asgard Concept, Inc. for "Goods."

8. On or about September 22, 2017, Asgard Concept, Inc. wire transferred $25,020 from account number XXX0469 in California to an account for Megaphoton, Inc. at China Construction Bank.

COUNTS FOUR THROUGH NINE: [18 U.S.C. § 1956(a)(2)(A) – Money Laundering]

The Grand Jury further charges: T H A T

TIAN HE TAN and
JENNY CHU

defendants herein, on or about the dates set forth below, in the County of Sacramento, State and Eastern District of California, and elsewhere, did knowingly and intentionally transport, transmit, and transfer monetary instruments and funds, and aid and abet each other and others to transport, transmit, and transfer monetary instruments and funds, from a place in the United States to and through a place

outside the United States with the intent to promote the carrying on of specified unlawful activity, that is, manufacture of marijuana in violation of Title 21, United States Code, Section 841(a)(1), as follows:

| Count | Approx. Date | Amount | From Account | Destination |
|---|---|---|---|---|
| 4 | November 16, 2017 | $11,224.00 | XXX0469 | Cyprus |
| 5 | January 10, 2017 | $20,000.00 | XXX0469 | China |
| 6 | February 13, 2017 | $18,480.00 | XXX0469 | China |
| 7 | July 3, 2017 | $70,000 | XXX0469 | China |
| 8 | August 30, 2017 | $40,000 | XXX2317 | China |
| 9 | September 22, 2017 | $25,020 | XXX0469 | China |

all in violation of Title 18, United States Code, Sections 2 and 1956(a)(2)(A).

FORFEITURE ALLEGATION: [21 U.S.C. § 853(a) and 18 U.S.C. § 982(a)(1) – Criminal Forfeiture]

1.  Upon conviction of one or more of the offenses alleged in Counts One and Two of this Indictment, defendants TIAN HE TAN and JENNY CHU shall forfeit to the United States pursuant to Title 21, United States Code, Section 853(a), any property constituting or derived from proceeds obtained, directly or indirectly, as a result of such violations; and any property used, or intended to be used, in any manner or part to commit or to facilitate the commission of the violations, including but not limited to the following:

    a.  Approximately $28,456.00 in U.S. Currency,

    b.  Approximately $22,689.62 in U.S. Currency, and

    c.  A sum of money equal to the total amount of proceeds obtained as a result of the offenses, or conspiracy to commit such offenses, for which defendants are convicted.

INDICTMENT

4

2. Upon conviction of one or more of the offenses alleged in Counts Three through Nine of this Indictment, defendants TIAN HE TAN and JENNY CHU shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), all property, real or personal, involved in such violations, and any property traceable to such property, including but not limited to the following:

    a. A sum of money equal to the amount of money involved in the offenses, for which defendants are convicted.

3. If any property subject to forfeiture, as a result of the offenses alleged in Counts One through Nine of this Indictment, for which defendants are convicted:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of defendants, up to the value of the property subject to forfeiture.

A TRUE BILL.

**/s/ Signature on file w/AUSA**

FOREPERSON

McGREGOR W. SCOTT
United States Attorney

No. _ _ _ _ _ _ _ _ _ _

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*  **2 1 8 - CR - 0 1 3 4 MCE**

### THE UNITED STATES OF AMERICA
*vs.*

TIAN HE TAN and
JENNY CHU  — *NO* BAIL **WARRANT PENDING HEARING**

## I N D I C T M E N T

**VIOLATION(S):**
21 U.S.C. § 846, 841(a)(1) – Conspiracy to Manufacture Marijuana;
21 U.S.C. § 841(a)(1) – Manufacture Marijuana;
18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering;
18 U.S.C. § 1956(a)(2)(A) – Money Laundering (6 Counts);
21 U.S.C. § 853(a) and 18 U.S.C. § 982(a)(1) – Criminal Forfeiture

*A true bill,*   **/s/ Signature on file w/AUSA**

_____
*Foreman.*

*Filed in open court this* __12__ *day*
*of* __July__, *A.D. 20*__18__

_____
*Clerk.*

NO BAIL WARRANT PENDING HEARING

Carolyn K. Delaney
U.S. Magistrate Judge

GPO 863 525

## United States v. TIAN HE TAN and JENNY CHU
### Penalties for Indictment

**Defendants**
TIAN TAN, JENNY CHU

**COUNT 1:**           ALL DEFENDANTS

VIOLATION:           21 U.S.C. §§ 846, 841(a)(1) – Conspiracy to Manufacture At Least 100 Plants of Marijuana

PENALTIES:           Mandatory minimum of 5 years in prison and a maximum of up to 40 years in prison; or
Fine of up to $5,000,000; or both fine and imprisonment
Supervised release of at least 4 years up to life

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 2:**           ALL DEFENDANTS

VIOLATION:           21 U.S.C. § 841(a)(1) – Manufacture of At Least 100 Plants of Marijuana

PENALTIES:           Mandatory minimum of 5 years in prison and a maximum of up to 40 years in prison; or
Fine of up to $5,000,000; or both fine and imprisonment
Supervised release of at least 4 years up to life

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 3:**           ALL DEFENDANTS

VIOLATION:           18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering

PENALTIES:           Up to 20 years in prison; or
Fine of up to $500,000 or twice the value of the monetary instrument or funds involved, whichever is greater; or both fine and imprisonment
Supervised release of 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNTS 4–9:**       ALL DEFENDANTS

VIOLATION:           18 U.S.C. § 1956(a)(2)(A) – Money Laundering

PENALTIES:   Up to 20 years in prison; or
Fine of up to $500,000 or twice the value of the monetary instrument or funds involved, whichever is greater; or both fine and imprisonment
Supervised release of 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**FORFEITURE ALLEGATION:**   **all Defendants**

VIOLATION:   21 U.S.C. § 853(a) and 18 U.S.C. § 982(a)(1) – Criminal Forfeiture

PENALTIES:   As stated in the charging document