PHILLIP A. TALBERT
Acting United States Attorney
ROGER YANG
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:18-CR-00134 MCE |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| TIEN HE TAN,<br>JENNY CHU, | DATE: April 8, 2021<br>TIME: 10:00 a.m.<br>COURT: Hon. Morrison C. England, Jr. |
| Defendants. | |

This case was set for status on April 8, 2021. On February 3, 2021, the Court sua sponte continued the status to February 11, 2021. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1] This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

Although the General Orders and declarations of emergency address the district-wide health

_____

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

1  justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date

2  for the status hearing.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial

3  continuance must be "specifically limited in time").

**STIPULATION**

5  Plaintiff United States of America, by and through its counsel of record, and defendant, by and

6  through defendant's counsel of record, hereby stipulate as follows:

7  1.  By previous order, this matter was set for status on April 8, 2021.

8  2.  By this stipulation, defendants now move to continue the status conference until June 17,

9  2021, and to exclude time between April 8, 2021, and June 17, 2021, under 18 U.S.C. § 3161(h)(7)(A),

10  B(iv) [Local Code T4].

11  3.  The parties agree and stipulate, and request that the Court find the following:

12  a)  The government has represented that the discovery associated with this case

13  includes voluminous digital evidence, thousands of pages of financial and real estate records, and

14  evidence against other alleged co-conspirators.  All of this discovery has been either produced

15  directly to counsel and/or made available for inspection and copying.

16  b)  Counsel for defendants desire additional time to go through the voluminous

17  discovery.

18  c)  Counsel for defendants believes that failure to grant the above-requested

19  continuance would deny them the reasonable time necessary for effective preparation, taking into

20  account the exercise of due diligence.

21  d)  The government does not object to the continuance.

22  e)  Based on the above-stated findings, the ends of justice served by continuing the

23  case as requested outweigh the interest of the public and the defendant in a trial within the

24  original date prescribed by the Speedy Trial Act.

25  f)  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

26  et seq., within which trial must commence, the time period of April 8, 2021 to June 17, 2021,

27

28  ───────────────
[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1    inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]

2    because it results from a continuance granted by the Court at defendant's request on the basis of

3    the Court's finding that the ends of justice served by taking such action outweigh the best interest

4    of the public and the defendant in a speedy trial.

5        4.       Nothing in this stipulation and order shall preclude a finding that other provisions of the

6    Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

7    must commence.

8        IT IS SO STIPULATED.

9

10   Dated:  April 5, 2021                              PHILLIP A. TALBERT
                                                         Acting United States Attorney

11

12                                                      /s/ ROGER YANG
                                                        ROGER YANG
13                                                      Assistant United States Attorney

14

15   Dated:  April 5, 2021                              /s/ MARK J. REICHEL
                                                        MARK J. REICHEL
16                                                      Counsel for Defendant
                                                        TIEN HE TAN
17   Dated:  April 5, 2021

18                                                 By:  /s/ PHILIP COZENS
                                                        PHILIP COZENS
19                                                      Counsel for Defendant JENNY
                                                        CHU

20                                                **ORDER**

21

22       IT IS SO ORDERED.

     Dated:  April 8, 2021

23

24

25                                                 MORRISON C. ENGLAND, JR.
                                                   SENIOR UNITED STATES DISTRICT JUDGE

26

27

28