PHILLIP A. TALBERT
Acting United States Attorney
ROGER YANG
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:18-CR-00134 MCE |
|---|---|
| Plaintiff, | **SECOND AMENDED STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER** |
| v. | |
| TIEN HE TAN, JENNY CHU, | DATE: June 17, 2021 TIME: 10:00 a.m. COURT: Hon. Morrison C. England, Jr. |
| Defendants. | |

This case was set for status on June 17, 2021. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020). In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020). This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders and declarations of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

"counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules. Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, --- F.3d ---, 2021 WL

1589359 at *7 (9th Cir. Apr. 23, 2021). That non-exhaustive list includes: (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id*.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1] If continued, this Court should designate a new date for the status hearing. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on June 17, 2021.

2. By this stipulation, defendants now move to continue the status conference until **September 16, 2021**, **at 10:00 a.m**., and to exclude time between June 17, 2021, and September 16, 2021, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with this case includes voluminous digital evidence, thousands of pages of financial and real estate records, and evidence against other alleged co-conspirators. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

    b) Counsel for defendants desire additional time to go through the voluminous discovery. Counsel for Jenny Chu specifically requests additional time to discuss discovery with

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

his client.

        c)      Counsel for defendants believes that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

        d)      The government does not object to the continuance.

        e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

        f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 17, 2021 to September 16, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.     Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: June 15, 2021                                  PHILLIP A. TALBERT
                                                              Acting United States Attorney

                                                               /s/ ROGER YANG
                                                               ROGER YANG
                                                               Assistant United States Attorney

Dated: June 15, 2021          /s/ MARK J. REICHEL
                              MARK J. REICHEL
                              Counsel for Defendant
                              TIEN HE TAN

Dated: June 15, 2021

                        By:   /s/ PHILIP COZENS
                              PHILIP COZENS
                              Counsel for Defendant JENNY
                              CHU

**ORDER**

IT IS SO ORDERED.

Dated: July 6, 2021

_____
MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE